**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

MEGHANAS MILLARD GATLING                                                                       PLAINTIFF
ADC #650850

v.                                            3:21-cv-00099-DPM-JJV

TAMMY GLENN, Head Nurse,
Greene County Detention Center, *et al.*                                                    DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation.   Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.   DISCUSSION**

Meghanas Millard Gatling ("Plaintiff") is a pretrial detainee in the Greene County Detention Facility ("GCDF").   He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging he received constitutionally inadequate medical care at the GCDF.   (Doc. 2.)   As

Defendants, he has named Head Nurse Tammy Glenn, Lieutenant Alicia Hubble, the GCDF, and Does, who are unknown GCDF administrators and medical staff. (*Id*.) After careful review and consideration, I recommend the Complaint be dismissed without prejudice for failing to state a plausible claim for relief.[1]

First, it is well settled that jails are not proper defendants in a § 1983 action. Thus, Plaintiff has not pled a plausible claim against the GCDF. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008) (unpublished opinion).

Second, there is no vicarious liability in a § 1983 action. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). This means that, to proceed with a § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676. Plaintiff has not provided any facts explaining how Defendant Hubble or the unknown "Doe" jail administrators were personally involved in the alleged failure to provide him with constitutionally adequate medical care. Thus, Plaintiff has not pled a plausible claim against them.

Fourth, Plaintiff has sued Defendants in both their official and individual capacities. His official capacity claims "must be treated as a suit against the County." *Brewington v. Keener*, 902

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

F.3d 796, 800 (8th Cir. 2018). Greene County cannot be held vicariously liable for constitutional violations committed by county employees. *See Id.* Instead, Greene County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699 (8th Cir. 2016). Because the Complaint does not contain any such facts, Plaintiff has not pled any plausible official capacity claims.

Third, the Fourteenth Amendment requires state prison officials to provide pretrial detainees with constitutionally adequate medical care. *Ivey v. Audrain Cty., Missouri,* 968 F.3d 845, 848 (8th Cir. 2020); *Morris v. Cradduck,* 954 F.3d 1055, 1058 (8th Cir. 2020). But, the bar for properly pleading a plausible inadequate medical care claim against Defendants, in their individual capacities, is high. Specifically, the Complaint must contain facts suggesting: (1) Plaintiff had an objectively serious need for medical care; and (2) *each* Defendant subjectively knew of, but deliberately disregarded, that serious medical need. (*Id.*) (emphasis added.) As to the second requirement, deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2018). It "requires proof of a reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

Plaintiff says during the late night and early morning hours of December 22 and 23, 2020, he told Officer Alex Brown (who has not been named as a Defendant) that he was having chest pains from high blood pressure. According to Plaintiff, Officer Brown said there was nothing he

could do because there were no nurses on duty from 11:00 p.m. until 5:00 a.m. Sometime thereafter, Plaintiff filed a grievance about the matter. In her December 30, 2020 response thereto, Defendant Nurse Glenn explained: (1) there was no record of Plaintiff filing a sick call for "this issue," and that he must do so to get medical care during the day shift; and (2) when nurses are not on duty during the night shift, officers have an "extensive list of providers and nurses on call for any emergent needs." (Doc. 2 at 5.) Plaintiff does not claim he was denied medical care on December 23, 2020 (or thereafter) when the nurses came on duty, or that he was harmed in any way by a delay in receiving medical care for his chest pains or high blood pressure. *See Jackson v. Riebold,* 815 F.3d 1114, 1119-20 (8th Cir. 2016) (to be constitutional violation, a prisoner must have been harmed by a delay in receiving medical care); *Schaub v. VonWald*, 638 F.3d. 905, 915 (8th Cir. 2011) (a delay in receiving medical care is a constitutional violation if the defendants "ignored an acute or escalating condition" or the delay "adversely affected" the prisoner's prognosis). Similarly, Plaintiff has not provided any facts suggesting Defendant Glenn was deliberately indifferent when she responded to his grievance on December 30, 2020. *See Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993) (prison supervisors can be held liable "when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices"). Thus, I conclude he has not pled a plausible claim regarding the December 22 and 23, 2020 incident.

Plaintiff also claims that, on March 2, 2020, Nurse Laura Cleveland (who has not been named as a Defendant) accidentally gave him medication that belonged to another prisoner. However, as previously explained, negligence and even gross negligence are insufficient to sustain a constitutional claim. *See Johnson,* 929 F.3d at 575. Plaintiff says the next day he became dizzy from taking the wrong medication and passed out in his cell. According to Plaintiff, Nurse

4

Kristina Gibson (who has not been named as Defendant) examined him, determined his blood pressure was high, and placed him in medical observation "for hours." (Doc. 2 at 6). Plaintiff says that, on March 4, 5, and 15, he filed three grievances claiming he was having nightmares, hearing voices, and experiencing cold sweats as result of taking the wrong mediation on March 2. Nurse Gibson responded to each grievance the next day by instructing Plaintiff to put in a sick call request to obtain treatment for those symptoms. Plaintiff does not explain how Nurse Gibson acted with deliberate indifference to his medical needs by giving him those instructions, and his mere disagreement with course of care she provided is not enough to sustain a constitutional violation. *See Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2019). Thus, he has not pled a plausible § 1983 claim against Nurse Gibson, even if he had named her as a Defendant. Finally, Plaintiff has not pled any facts suggesting the unknown "Doe" medical staff failed to provide him with medical care in response to any sick call requests he may have filed seeking treatment for the symptoms he experienced as a result of taking the wrong medication. Thus, he has failed to plead a plausible inadequate medical care claim.

Importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint curing them, and advised him I would recommend dismissal if he failed to do so. (Doc. 7.) The time for Plaintiff to file an Amended Complaint has expired.

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 20th day of July 2021.

                                                JOE J. VOLPE
                                                UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."